HOWELL O. ARCHARD, JR., PLAINTIFF-APPELLANT, v.
ALICE T. MESMER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 15, 1970—Decided June 22, 1970.

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Messrs. Schlesinger, Manuel & Schlosser,* attorneys for appellant (*Mr. Alfred A. Faxon, III,* on the brief).

*Messrs. Dimon, Haines and Bunting,* attorneys for respondent (*Mr. Donald E. Williams,* on the brief).

PER CURIAM. Plaintiff appeals from a Law Division summary judgment dismissing his complaint.

Plaintiff and defendant are brother and sister and were expectant beneficiaries of their father's estate, although plaintiff was not on the best of terms with his parent. Upon testator's death a lion's share of the estate was left to defendant daughter.

Subsequently, plaintiff filed a complaint alleging that he and his sister had in 1958 orally agreed, with no more than a handshake, to share equally in the estate in the event of an unequal testamentary distribution. Defendant's answer denied the existence of any such agreement, and an amended answer asserted that the alleged arrangement violated the statute of frauds and the statute of wills. Defendant moved for summary judgment and the trial judge readily granted it, plaintiff not even having filed an opposing brief.

Plaintiff first claims it was error to proceed to dispose of the action by way of summary judgment. There is nothing to this procedural point. In addition to the pleadings the trial judge also had before him depositions, and therefore could have proceeded to summary judgment under *R.* 4:6-2(e).

Plaintiff also claims that the action should have been transferred to the Chancery Division instead of being disposed of in the Law Division. Although the matter should have been instituted in the Chancery Division, once the Law Division had the case it could proceed to adjudicate equitable claims, and this in the interest of conserving judicial time. *N. J. Const.* (1947), Art. VI, § III, par. 4.

■ The core of this case is plaintiff's claim under the alleged 1958 oral agreement with his sister. Their father died ten years later, in January 1968, making an unequal distribution of the estate in defendant's favor. In granting summary judgment the trial judge found "nothing in the facts and nothing in any law," which supported plaintiff's position. The ruling was correct. In New Jersey mutual promises, unsupported by valuable consideration, to equally divide expected interests in an estate will ordinarily not be enforced as against public policy, manifested in the statute of wills. Such agreements thwart the plain wishes of the testator and are fraught with opportunities for fraud. *Dufford v. Nowakoski*, 125 *N. J. Eq.* 262, 266 and reaffirmed 126 *N. J. Eq.* 529 (E. & A. 1939) ; *Baer v. Fidelity Union Trust Co.*, 132 *N. J. Eq.* 333, 336 (Ch. 1942), aff'd 133 *N. J. Eq.* 264 (E. & A. 1943) ; see also 5 *N. J. Practice* (*Clapp, Wills and Administration*) (3d ed 1962), § 405, at 598; 2 *Page on Wills* (Bowe-Parker 4th ed. 1960), § 25.7, at 634.

Affirmed.